THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BEN McCREADIE, Defendant-Appellant.

Fourth District   No. 4—91—0155

Opinion filed December 13, 1991.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Ben McCreadie and his codefendants Laura Bowers and William Nimitz, Jr., were charged with first degree murder, pursuant to section 9—1(a)(1) of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1)), in the murder of Bowers' husband, David Bowers. Defendant pleaded guilty and was sentenced to life imprisonment. He now appeals, claiming the natural-life sentencing statute is unconstitutionally vague in that it violates the eighth amendment prohibition against cruel and unusual punishment. After hearing all the evidence in aggravation and mitigation, the trial court ruled that defendant was eligible for the death penalty. The court found, however, sufficient mitigating factors which precluded the imposition of the death penalty. The court found that because the murder was "heinous, cruel, meditation [sic], planned, without mercy, and so forth," the defendant should receive a natural-life sentence.

Defendant argues that section 5—8—1(a)(1) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(1)) is unconstitutionally vague under the eighth and fourteenth amendments of the United States Constitution (U.S. Const., amends. VIII, XIV). We disagree.

■ In *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294, the Supreme Court emphasized the important considerations in determining whether legislation proscribing conduct is void for being vague and indefinite as being whether (1) it gives reasonable guidance to the average person; (2) it is designed in such a way as to avoid arbitrary and discriminatory enforcement; and (3) whether sensitive first amendment rights are involved, thus requiring a higher standard of review. In the instant case, it is clear that no first amendment rights are involved. We need only consider whether the statute gives reasonable guidance to the average person and avoids arbitrary and discriminatory enforcement.

■ The natural-life sentence provision, section 5—8—1(a)(1) of the Corrections Code, provides:

"[F]or first degree murder, (a) a term shall be not less than 20 years and not more than 60 years, or (b) if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the aggravating factors listed in subsection (b) of Section 9—1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment, or (c) if the defendant has previously been convicted of first degree murder under any state or federal law or is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(1).

The sentencing court found defendant eligible for the natural-life sentence because "the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(1)(b).) Section 5—8—1(a)(1)(b) of the Corrections Code allows a court to impose a natural-life sentence if one of the aggravating factors in section 9—1(b) of the Criminal Code is present. (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(b).) The trial court also found, pursuant to section 9—1(b)(10) of the Criminal Code, that the murder was committed in a cold, calculated, and premeditated manner. Ill. Rev. Stat. 1989, ch. 38, par. 9—1(b)(10).

In *People v. Nobles* (1980), 83 Ill. App. 3d 711, 404 N.E.2d 330, this court found the statute which allows a natural-life sentence con-

stitutional. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1).) The statute in existence at the time of *Nobles* also contained the following phrase:

"[I]f the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the aggravating factors listed in subsection (b) of Section 9—1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1).)

*Nobles* held the statute was not unconstitutionally vague and stated:

"The totality of the words used together requiring either the 'brutal' or the 'heinous' behavior to indicate 'wanton cruelty' gives reasonable guidance to the average person and is of a design which would tend to avoid arbitrary enforcement." *Nobles*, 83 Ill. App. 3d at 716, 404 N.E.2d at 335.

Another sentencing statute with similar provisions has been upheld by our supreme court. In *People v. Odle* (1988), 128 Ill. 2d 111, 538 N.E.2d 428, *cert. denied* (1990), 497 U.S. 1031, 111 L. Ed. 2d 798, 110 S. Ct. 3289, the court held that section 9—1(b)(7) of the Criminal Code (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(b)(7)), which allows the death penalty if "the murdered individual was under 12 years of age and the death resulted from exceptionally brutal or heinous behavior indicative of wanton cruelty," was not unconstitutionally vague. Defendant contends the "under 12 years" phrase saved that statute from being unconstitutionally vague. The People respond that it is illogical to believe the age restriction would render it constitutional, if the rest of the language was unconstitutionally vague. We agree with the People.

*Odle* held that the Illinois statutory language was much more specific in describing the conduct which qualified an accused for the death penalty than the Oklahoma statute considered in *Maynard v. Cartwright* (1988), 486 U.S. 356, 100 L. Ed. 2d 372, 108 S. Ct. 1853. In *Maynard*, relied on by defendant, the Supreme Court remanded the case for resentencing, holding that the death-sentence statute was vague and overbroad; namely, that defendant was convicted of committing a murder that was "especially heinous, atrocious, or cruel." (*Maynard*, 486 U.S. at 364, 100 L. Ed. 2d at 382, 108 S. Ct. at 1859.) As the court said in *Odle*, to impose the death penalty in Illinois, the murder must have resulted from exceptionally brutal or heinous behavior, and this behavior must be indicative of wanton cruelty. Exceptionally brutal or heinous conduct, coupled with the indication of wil-

ful and wanton cruelty, are specific enough to find the statute constitutional. *Odle*, 128 Ill. 2d at 140-41, 538 N.E.2d at 440.

Likewise, in the instant case, the language is specific enough to give reasonable guidance to the sentencing court and avoid arbitrary and discriminatory enforcement. As in *Nobles*, we again find the statute involved is constitutional.

Affirmed.

GREEN, P.J., and STEIGMANN, J., concur.