THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEREK L. WINNINGHAM, Defendant-Appellant.

Fourth District   No. 4—08—0572

Opinion filed June 5, 2009.

Matthew J. Maurer, of Springfield, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 2008, defendant, Derek L. Winningham, pleaded guilty to aggravated driving under the influence of alcohol (aggravated DUI) (625 ILCS 5/11—501(d)(1)(F) (West 2006)). Following a July 2008 sentencing hearing, the trial court sentenced defendant to three years in prison.

Defendant appeals, arguing that (1) the statutory sentencing provision requiring a trial court to find that "extraordinary circumstances" existed before the court may impose a sentence of probation is unconstitutionally vague and (2) assuming the statute is not unconstitutionally vague, the court abused its discretion by failing to find extraordinary circumstances existed. We disagree and affirm.

## I. BACKGROUND

In September 2007, the State charged defendant with two counts of aggravated DUI under section 11—501(d)(1)(F) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11—501(d)(1)(F) (West 2006)). In April 2008, defendant pleaded guilty to count II, which alleged that defendant had committed aggravated DUI in that, while in actual physical control of a Chevy Silverado, he had a blood-alcohol concentration (BAC) of 0.08 or more, in violation of section 11—501(a)(1) of the Vehicle Code (625 ILCS 5/11—501(a)(1) (West 2006)), and he was involved in a motor-vehicle accident that was a proximate cause of Teresa Borero's death.

Other than the State's dismissal of count I, which was based on the same accident, defendant entered an open guilty plea to count II— that is, he pleaded guilty without any agreement with the State. The trial court (1) accepted defendant's guilty plea and (2) ordered the probation office to prepare a presentence investigation report (PSI).

At defendant's July 2008 sentencing hearing, the trial court considered the PSI; the State's factual basis for defendant's guilty plea (as stated by the prosecutor at the April 2008 guilty-plea hearing); and the evidence the parties presented at the hearing, which showed the following.

Shortly after midnight on September 2, 2007, a three-car accident occurred in Williamsville. The vehicles involved included (1) a Chevy Silverado driven by defendant; (2) a Plymouth Voyager driven by Teresa with her husband, Alfred Borero, as the only passenger; and (3) a Ford F-150, driven by Teresa's brother, John Matthews, with Teresa's nephew, Robert Getman, as the only passenger.

After purchasing gas, the Ford, followed by the Plymouth, missed the turn leading back to the Interstate highway. Both vehicles pulled off the road and onto the shoulder intending to turn around. As they waited on the shoulder of the road, defendant's vehicle approached them from behind at 81 miles per hour in a 55-mile-per-hour zone and struck the Plymouth, which then struck the Ford, causing the Ford to overturn.

As a result of the accident, John and Robert sustained head injuries that required hospitalization. In addition, Robert injured his back, required stitches to repair a scalp laceration, and sustained severe trauma to his ear. Alfred suffered two collapsed lungs, had surgery to repair his knee, and required prolonged physical therapy for his injured back. Teresa later died as a result of the injuries she sustained in the accident.

Defendant had been drinking prior to the accident, had a strong odor of alcohol on his breath, and his eyes were red and glassy. Defendant submitted to and failed a field sobriety test. He submitted to a BAC test that showed his BAC was .227 (almost three times the legal limit).

Defendant (1) did not have a criminal record, (2) was employed as a Williamsville fire department lieutenant, and (3) had saved numerous lives as a firefighter. After the accident, defendant (1) completed 50 hours of alcohol counseling and (2) continually expressed his sincere remorse and regret that his actions caused Teresa's death and her relatives' injuries. At defendant's request, the trial court admitted into evidence (1) a letter from counsel for Teresa's estate, which showed defendant's willingness to assist counsel's pursuit of a dram-shop suit against the tavern where defendant had been drinking and

(2) approximately 80 to 90 letters from family, friends, and firefighters describing defendant's positive impact on their lives.

At the close of evidence, defendant asked the trial court to sentence him to probation. Defendant acknowledged that the sentencing statute mandated a 3- to 14-year sentence, but he noted that the legislature had recently amended the statute to permit a sentence of probation if the court determined that "extraordinary circumstances" existed. Defendant emphasized his voluntary assistance with the dramshop civil suit and asserted that his specific situation constituted such extraordinary circumstances.

Prior to sentencing defendant, the trial court stated, in pertinent part, the following:

"[The court] believe[s] that the efforts that [defendant] has engaged in since the time of the plea, and in fact, pleading guilty certainly [has] influenced the [c]ourt with the sentence, but *** [the court] can't find that the efforts that [defendant] has made to assist *** the decedent's family in their dramshop efforts rise to the level of extraordinary, and that leaves [the court] with *** [its] obligation *** to sentence *** [d]efendant to a term of imprisonment in the Department of Corrections [DOC]. It isn't that [the court has not] given any consideration to the extraordinary life— [the court] shouldn't use that term, that's asking for reversal. It isn't that [the court has not] given any consideration to the circumstances surrounding [defendant's] life to this point. As [the court] indicated earlier, he has done a good job. He has been a good citizen to this point. But it always seems that we come back in these cases to the rock-bottom issue, and that is the need of deterrence and whether or not, [the court] believe[s], that any sentence other than a sentence to [DOC] would deprecate the seriousness of this offense, and [the court] believe[s] that it does. [The court] believe[s] that for the folks out there who aren't in this room, whose attitude about alcohol abuse and driving may be altered by these circumstances, that maybe people [who] read about this sentence in the newspaper will understand that if you drink and drive and somebody is killed, that at least *** you should be expecting a sentence to [DOC]."

Thereafter, the trial court denied defendant's request for probation and sentenced him to three years in prison.

This appeal followed.

## II. ANALYSIS

### A. Constitutionality of the Sentencing Statute

Defendant argues that the statutory sentencing provision requiring a trial court to find that "extraordinary circumstances" existed

before it may impose a sentence of probation is unconstitutionally vague (1) on its face and (2) because it is subject to arbitrary and discriminatory application. We address defendant's contentions in turn.

### 1. *The Applicable Statutes and Standard of Review*

■ Section 11—501(a)(1) of the Vehicle Code, which pertains to DUI, provides as follows:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) the alcohol concentration in the person's blood or breath is 0.08 or more." 625 ILCS 5/11—501(a)(1) (West 2006).

Section 11—501(d)(1)(F) of the Vehicle Code—the statute defendant was convicted under—states as follows:

"(d)(1) Every person convicted of committing a violation of this [s]ection shall be guilty of aggravated [DUI] *** if:

\* \* \*

(F) the person, in committing a violation of [section 11—501(a) of the Vehicle Code], was involved in a motor vehicle *** accident that resulted in the death of another person, when the violation of [section 11—501(a) of the Vehicle Code] was a proximate cause of the death." 625 ILCS 5/11—501(d)(1)(F) (West 2006).

■ Section 11—501(d)(2) of the Vehicle Code—the statute under which defendant was sentenced and the subject of this appeal—provides, in pertinent part, as follows:

"Aggravated driving under the influence [(section 11—501(d)(1)(F) of the Vehicle Code)] *** is a Class 2 felony, for which the defendant, *unless the court determines that extraordinary circumstances exist and require probation,* shall be sentenced to *** a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the death of one person ***." (Emphasis added.) 625 ILCS 5/11—501(d)(2) (West 2006) (text as amended by Pub. Act 94—0113, §5, eff. January 1, 2006, and Pub. Act 94—0609, §5, eff. January 1, 2006).

Although defendant raises his constitutional claim for the first time in this appeal, the constitutionality of a criminal statute can generally be raised at any time. See *In re J.W.*, 204 Ill. 2d 50, 61, 787 N.E.2d 747, 754 (2003). In considering a challenge to the constitutionality of a statute, we begin with the presumption that all statutes are constitutional. *People v. Waid*, 221 Ill. 2d 464, 480, 851 N.E.2d 1210, 1219 (2006). "[T]he burden of rebutting that presumption is on the party challenging the validity of the statute to demonstrate clearly a constitutional violation." *People v. Greco*, 204 Ill. 2d 400, 406, 790

N.E.2d 846, 851 (2003). If reasonably possible, a statute must be construed so as to affirm its constitutionality and validity. *Greco*, 204 Ill. 2d at 406, 790 N.E.2d at 851. The constitutionality of a statute is a question of law, which we review *de novo. People v. McCarty*, 223 Ill. 2d 109, 135, 858 N.E.2d 15, 32 (2006).

### 2. Defendant's Claim That the Sentencing Statute Is Unconstitutionally Vague on Its Face

Defendant argues that section 11—501(d)(2) of the Vehicle Code is unconstitutionally vague on its face. Although defendant concedes the statute does not implicate first-amendment freedoms, he nonetheless asserts that it is incapable of any valid application. We disagree.

When a statute does not affect first-amendment rights, it will not be declared unconstitutionally vague on its face unless it is incapable of any valid application—that is, unless under no set of circumstances would the statute be valid. *People v. Izzo*, 195 Ill. 2d 109, 112, 745 N.E.2d 548, 551 (2001).

In support of defendant's argument, he asserts that the statutory term "extraordinary circumstances" is undefined and, thus, subject to arbitrary application. However, by making such an assertion, defendant unavoidably concedes that the sentencing statute would validly apply in some situations, albeit, as he asserts, arbitrarily. Even if defendant could hypothesize a circumstance in which the statute's application would be uncertain, such uncertainty is not the definitive test that renders a sentencing statute unconstitutionally vague on its face. Therefore, we reject defendant's argument that section 11—501(d)(2) of the Vehicle Code is unconstitutionally vague on its face.

### 3. Defendant's Claim That the Sentencing Statute Is Unconstitutionally Vague as Applied

Defendant next argues that section 11—501(d)(2) of the Vehicle Code is unconstitutionally vague because it is subject to arbitrary and discriminatory application. We disagree.

"Due process requires that a statute not be so vague that persons of common intelligence must necessarily guess at its meaning or application." *People v. Jamesson*, 329 Ill. App. 3d 446, 454, 768 N.E.2d 817, 825 (2002). "A statute is not unconstitutionally vague if it is explicit enough to serve as a guide to those who must comply with it." *General Motors Corp. v. Illinois Motor Vehicle Review Board*, 224 Ill. 2d 1, 24, 862 N.E.2d 209, 225 (2007). "[A] statute is considered unconstitutionally vague only if its terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact, rather than any objective criteria or facts." *General Motors Corp.*, 224 Ill. 2d at 24, 862 N.E.2d at 225.

A sentencing statute may be void for vagueness "if it does not state with sufficient clarity the consequences of violating a given criminal statute." *People v. Hickman*, 163 Ill. 2d 250, 256, 644 N.E.2d 1147, 1150 (1994). "However, mathematical certainty in language is not required ***." *People v. Ramos*, 316 Ill. App. 3d 18, 26, 735 N.E.2d 1094, 1100 (2000). A statute satisfies due process if "(1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited; and (2) the statute marks boundaries sufficiently distinct for judges and juries to administer the law fairly in accordance with the intent of the legislature." *Ramos*, 316 Ill. App. 3d at 26, 735 N.E.2d at 1100-01.

We first note that all the cases defendant relies on in support of his argument involved unsuccessful unconstitutional vagueness challenges to various statutes under which the defendants were charged, convicted, or pleaded guilty, and in each case, our supreme court determined that the statutes provided sufficient notice as to the specific conduct prohibited. See *People v. Wilson*, 214 Ill. 2d 394, 403, 827 N.E.2d 416, 422 (2005) (reversing the trial court's finding that the domestic-battery statute under which the defendant was charged was unconstitutionally vague as applied to him); *People v. Einoder*, 209 Ill. 2d 443, 456, 808 N.E.2d 517, 525 (2004) (reversing the trial court's finding that the specific section of the Illinois Environmental Protection Act under which the defendant was indicted was unconstitutionally vague); *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 292, 786 N.E.2d 139, 158 (2003) (rejecting the defendant's argument that the specific section of the Nursing and Advanced Nursing Act was unconstitutionally vague); *Greco*, 204 Ill. 2d at 417, 790 N.E.2d at 857 (reversing the trial court's finding that the special mobile equipment section of the Illinois Vehicle Code under which the defendant was indicted was unconstitutionally vague); *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 443, 701 N.E.2d 1056, 1060 (1998) (reversing the trial court's finding that the specific section of the Wildlife Code to which the defendant pleaded guilty was unconstitutionally vague).

Defendant does not argue—and correctly so—that (1) section 11—501(d)(1)(F) of the Vehicle Code (625 ILCS 5/11—501(d)(1)(F) (West 2006)), defining the charge to which he pleaded guilty, was unconstitutionally vague because it did not provide him sufficient notice that he could not drive intoxicated and deprive a person of her life in doing so or (2) absent the criminal statute's vagueness, he would somehow have changed his conduct. Instead, defendant contends that section 11—501(d)(2) of the Vehicle Code is unconstitutionally vague because

the legislature provided no objective criteria for the term "extraordinary circumstances." Thus, he contends, that term is subject to a court's arbitrary and discriminatory enforcement. However, because defendant confines his "unconstitutionally vague" claim to the sentencing statute rather than the criminal statute under which he pleaded guilty, the aforementioned cases on which he relies do not provide support for his argument.

■ Contrary to defendant's contentions, section 11—501(d)(2) of the Vehicle Code provides definite standards for a trial court to fairly administer the law. Section 11—501(d)(2) of the Vehicle Code specifically directs, in pertinent part, a court to sentence a defendant to between 3 and 14 years for a violation of section 11—501(d)(1)(F) of the Vehicle Code that results in the death of another person. In so mandating, the legislature also recognized that rare instances may exist in which a sentence of probation may be appropriate, given the unique circumstances of a particular case. Thus, as a matter of legislative grace and lenity, the General Assembly determined that it would not entirely eliminate the trial court's discretion to impose a sentence of probation. However, the General Assembly also determined that a court may do so only under extraordinary circumstances, which is entirely consistent with the great danger that drunk drivers impose upon our society, as shown by the tragic circumstances of this very case. Thus, the challenged provision's clear purpose was to substantially limit the discretion that a trial court possesses to impose a sentence of probation when a defendant's DUI offense proximately caused the death of another person. *People v. Maldonado*, 386 Ill. App. 3d 964, 973, 897 N.E.2d 854, 863 (2008).

Moreover, the fact that the legislature did not specifically delineate the exact circumstances that constitute an "extraordinary circumstance" but rather left such a determination to the trial court's sound discretion does not render section 11—501(d)(2) of the Vehicle Code unconstitutionally vague. We note that such challenges to sentencing statutes are hardly rare, and our supreme court has consistently rejected them, even with regard to the most serious sentencing provision—the death-penalty statute (720 ILCS 5/9—1(b) (West 2006)). See *People v. Davis*, 205 Ill. 2d 349, 379, 793 N.E.2d 552, 570 (2002) (a jury's consideration of the aggravating factor "any other reason" (beyond the statutory factors) does not render the death-penalty statute unconstitutionally vague); *People v. Williams*, 192 Ill. 2d 548, 590, 736 N.E.2d 1001, 1024 (2000) (a jury's consideration of the aggravating factor "cold, calculated[,] and premeditated manner" does not render the death-penalty statute unconstitutionally vague); *People v. Rissley*, 165 Ill. 2d 364, 407, 651 N.E.2d 133, 153 (1995) (where our

supreme court reaffirmed its consistent rejection of vagueness challenges to the death-penalty statute on the basis that a jury's consideration of nonstatutory aggravating factors results in the arbitrary imposition of the death penalty); *People v. Lucas*, 132 Ill. 2d 399, 444, 548 N.E.2d 1003, 1022 (1989) (a jury's consideration of the aggravating factor "exceptionally brutal and heinous behavior" does not render the death-penalty statute unconstitutionally vague); see also *People v. McCreadie*, 223 Ill. App. 3d 316, 320, 584 N.E.2d 839, 841 (1991) (where this court rejected the defendant's argument that the phrase "exceptionally brutal or heinous behavior indicative of wanton cruelty" rendered section 5—8—1(a)(1) of the Unified Code of Corrections (the natural-life sentencing provision) unconstitutionally vague).

We are not persuaded by defendant's assertion that because the legislature failed to provide any objective criteria concerning the application of the term "extraordinary circumstances," such a determination "rests upon the opinions and whims of the sentencing judges." We conclude that defendant has failed to overcome his burden of rebutting the presumption that section 11—501(d)(2) of the Vehicle Code is constitutional. Therefore, we reject defendant's argument that section 11—501(d)(2) of the Vehicle Code is unconstitutionally vague.

## B. The Trial Court's Sentence

■ Defendant next argues that even assuming the statute was not unconstitutionally vague, the trial court nonetheless abused its discretion by failing to find extraordinary circumstances existed. Essentially, defendant argues that because he did not receive probation, the sentence imposed by the trial court was excessive. Thus, the question before this court is whether the trial court abused its discretion by imposing a three-year sentence. We conclude that it did not.

"[T]he range of sentences permissible for a particular offense is set by statute." *People v. Fern*, 189 Ill. 2d 48, 55, 723 N.E.2d 207, 210 (1999). "Within that statutory range, the trial court is charged with fashioning a sentence based upon the particular circumstances of the individual case, including the nature of the offense and the character of the defendant." *Fern*, 189 Ill. 2d at 55, 723 N.E.2d at 210. "The sentencing judge is to consider 'all matters reflecting upon the defendant's personality, propensities, purposes, tendencies, and indeed every aspect of his life relevant to the sentencing proceeding.' " *Fern*, 189 Ill. 2d at 55, 723 N.E.2d at 210-11, quoting *People v. Barrow*, 133 Ill. 2d 226, 281, 549 N.E.2d 240, 265 (1989).

" '[A] sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the

law or manifestly disproportionate to the nature of the offense.' " *People v. Romero*, 387 Ill. App. 3d 954, 978, 901 N.E.2d 399, 419-20 (2008), quoting *Fern*, 189 Ill. 2d at 54, 723 N.E.2d at 210. A reviewing court must afford great deference to the trial court's judgment regarding sentencing because that court, having observed the defendant and the proceedings, is in a far better position to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, and habits than a reviewing court, which must rely on a "cold" record. *Romero*, 387 Ill. App. 3d at 978, 901 N.E.2d at 420. "Thus, '[i]n considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently' [citation], and it may not reduce a defendant's sentence unless the sentence constitutes an abuse of the trial court's discretion." *Romero*, 387 Ill. App. 3d at 978, 901 N.E.2d at 420, quoting *Fern*, 189 Ill. 2d at 53, 723 N.E.2d at 209.

In this case, our review of the record from defendant's sentencing hearing belies his contention that "the trial court failed to give proper consideration to probation and whether extraordinary circumstances were present." Specifically, the court considered (1) the circumstances surrounding the accident; (2) the victim-impact statements of Teresa's family; and (3) defendant's (a) respect for the law, as evidenced by the lack of any criminal record, (b) making an open guilty plea, (c) willingness to assist Teresa's family in their civil suit, and (d) life circumstances. After carefully considering all of this, the court stated that the determining factor for its imposition of a three-year prison term was the need for punishment and deterrence.

Given our highly deferential standard of review, we conclude that the trial court's imposition of the minimum prison sentence allowed by the sentencing statute was (1) not an abuse of its discretion and (2) entirely reasonable.

In so concluding, we note from our own recent cases the continuing carnage that drunk drivers cause on the highways of this State. See *People v. Phipps*, 382 Ill. App. 3d 1047, 1049, 889 N.E.2d 1154, 1156 (2008) (intoxicated driver's vehicle collides with another, causing the other driver's death); *People v. Lush*, 372 Ill. App. 3d 629, 631, 867 N.E.2d 1199, 1201 (2007) (intoxicated driver disobeyed traffic light, causing the death of another driver); *People v. Calhoun*, 377 Ill. App. 3d 662, 663, 880 N.E.2d 633, 634 (2007) (driver and passenger killed when intoxicated driver disobeyed traffic light).

Although the legislature has increased DUI penalties, the judiciary must do its part by recognizing the terrible consequences of this preventable crime and imposing sentences—as the trial court did

here—that will address the need to both punish offenders and deter future offenses. A person who makes the conscious and intentional decision to drive drunk presents an imminent danger to the public. See *People v. Shafer*, 372 Ill. App. 3d 1044, 1052, 868 N.E.2d 359, 365 (2007) (outlining the rationale for relaxed corroboration requirements of informants' tips regarding suspected drunk drivers because of the increased danger such drivers impose on the public). Indeed, the extraordinary danger drunk drivers pose is a nationwide concern. See *Commerce Insurance Co. v. Ultimate Livery Service, Inc.*, 452 Mass. 639, 651, 897 N.E.2d 50, 60 (2008) (explaining that the dangers of drunk driving have been abundantly documented in terms of the loss of human life, likelihood of serious injury, and the enormous cost to society); *Drabic v. Commonwealth*, 588 Pa. 670, 688, 906 A.2d 1153, 1164 (2006) (commenting on the litany of statistics showing the overwhelming danger posed by drunk drivers); *United States v. Wheat*, 278 F.3d 722, 736-37 (8th Cir. 2001) (the critical distinction between gun possession cases and potential drunk-driving cases is that an officer cannot observe the suspected drunk driver for a considerable length of time because he poses an imminent threat to public safety); *State v. Boyea*, 171 Vt. 401, 409, 765 A.2d 862, 867 (2000) ("In contrast to the report of an individual in possession of a gun, an anonymous report of an erratic or drunk driver on the highway presents a qualitatively different level of danger, and concommitantly greater urgency for prompt action").

Illinois law does not prohibit drinking and driving; it prohibits drinking and driving *drunk*. There is a big difference between these two, and Illinois drivers are expected to understand that difference and conduct themselves accordingly. Thus, we agree with the trial court and the legislature that those who drive drunk must be on notice that, absent extraordinary circumstances, the penalty for depriving a person of her life as a result of drunk driving will be imprisonment.

In so concluding, we acknowledge that defendant, in the aftermath of this terrible case, expressed his sincere sorrow and heartfelt regret for what has transpired as a result of his conduct. Nonetheless, this sorrow and regret come too late. In this regard, we reiterate our comments from *People v. Martin*, 289 Ill. App. 3d 367, 376-77, 682 N.E.2d 460, 466 (1997), in which this court stated the following:

> "DUI is not only deterrable, it is one of the most deterrable offenses because of the drinking required—and the time this drinking requires—before the drinker becomes drunk. Typically, the potential DUI defendant—sip by sip, swallow by swallow, drink by drink—becomes intoxicated with the full understanding and expectation that, at some point, he will get behind the steering wheel, drive drunk, and perhaps kill someone."

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT and APPLETON, JJ., concur.