**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220299-U

Order filed July 31, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0299 Circuit No. 16-CF-277 |
| | ) | |
| CARMELLA S. LARSON, | ) ) | Honorable Michael C. Sabol, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defendant's sentence was not excessive.

¶ 2     Defendant, Carmella S. Larson, appeals her 5½ year sentence for aggravated driving while under the influence (DUI) arguing that her sentence was excessive. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Following a jury trial, defendant was found guilty of two counts of aggravated DUI resulting in the death of Kameron Allison (625 ILCS 5/11-501(d)(1)(F) (West 2016)) and two

counts of aggravated DUI resulting in great bodily harm, permanent disability or disfigurement of Kyuss Allison (*id.* § 11-501(d)(1)(C)). For the purposes of sentencing, the four counts were merged, and defendant was sentenced solely for the Class 2 felony offense of aggravated DUI under section 11-501(d)(1)(F). Defendant was originally sentenced to six years' imprisonment. On appeal, this court vacated defendant's sentence and remanded for a new sentencing hearing, finding that the circuit court erred in (1) allowing most of the victim impact statements presented at the sentencing hearing, (2) relying on a factor inherent in the offense, and (3) imposing a three-year term of mandatory supervised release. *People v. Larson*, 2022 IL App (3d) 190482, ¶¶ 32, 38, 42.

¶ 5         On remand, a new sentencing judge presided. An updated drug and alcohol evaluation and an updated presentence investigation report (PSI) were prepared. The PSI disclosed, among other things, that defendant had no felony or misdemeanor convictions, no history of juvenile delinquency, had two children aged 12 and 16 at the time of the hearing, and had been sober since the accident. The PSI also contained a statement written by defendant expressing remorse and stating that the only reason she was requesting a shorter prison sentence was to provide care and support for her minor children.

¶ 6         At sentencing, the State presented three victim impact statements from the victims' father, mother, and sister, which detailed the impact of the accident on their family. Defendant testified that she completed a DUI treatment course while incarcerated. She also described her work within the prison and stated that she had not seen her children in two years due to limitations on visitation during the COVID-19 pandemic. Defendant had avoided receiving any disciplinary infractions and had attempted to engage in classes prior to pandemic restrictions. Defendant expressed her remorse and indicated her desire to remain sober and leave prison for the sake of her children.

¶ 7    Defendant's aunt testified regarding defendant's difficult upbringing and her parents' drug and alcohol abuse. Defendant presented letters from friends and family, as well as recorded statements from her two children, which described the hardship of defendant's incarceration. Defendant also presented scholarly articles detailing the impact of incarceration on children.

¶ 8    The State argued in favor of the maximum allowable sentence, a term of 14 years' imprisonment. Defendant requested any sentence that would allow her to return home, including probation or time served as she had already served nearly three years' imprisonment.

¶ 9    The circuit court took the matter under advisement. In pronouncing its sentence, the court stated that it had reviewed and considered the entire trial transcript, the PSI, the evidence presented at trial, the financial impact of incarceration, the evidence in aggravation and mitigation, exhibits presented by both parties, arguments as to sentencing alternatives, defendant's statements in allocution, victim impact statements, statements on behalf of defendant, defendant's history and character, as well as all statutory and nonstatutory factors in aggravation and mitigation. The court stated that it was explicitly not considering that defendant demanded a jury trial, that defendant appealed her previous sentence, or the death of Kameron.

¶ 10    In pronouncing its sentence, the court elected to highlight certain factors in aggravation and mitigation but stated that it had considered each factor in turn, whether discussed explicitly in its ruling or not. In mitigation, the court noted defendant's lack of prior criminal activity and the impact of her incarceration on her children. The court stated it hoped that the circumstances of defendant's criminal conduct were unlikely to recur but described that factor as somewhat speculative. The court noted in aggravation the necessity for deterrence, which it observed was not a factor considered at the original sentencing hearing. The court then sentenced defendant to 5½ years' imprisonment. Defendant filed a motion to reconsider the sentence, arguing that the

court failed to adequately account for the mitigating circumstances of defendant's case. Defendant's motion was denied. Defendant appealed.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, defendant solely argues that the circuit court erred in resentencing her to 5½ years' imprisonment because of the mitigating evidence, her potential for rehabilitation, and the lack of applicable aggravating factors.

¶ 13        The legislature has established the range of sentences permissible for a particular offense. *People v. Fern*, 189 Ill. 2d 48, 53 (1999). "Within that statutory range, the trial court is charged with fashioning a sentence based upon the particular circumstances of the individual case, including the nature of the offense and the character of the defendant." *Id.* at 55. The circuit court has broad discretionary powers in imposing a sentence, and its sentencing decision is entitled to "great deference," which is based upon the fact that the circuit court is in a better position to consider the relevant sentencing factors in both mitigation and aggravation. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). The circuit court is also in a better position to consider the particular circumstances of each case, such as defendant's credibility, demeanor, general moral character, mentality, social environment, and habits. *People v. Winningham*, 391 Ill. App. 3d 476, 485 (2009).

¶ 14        The reviewing court must proceed with great caution when considering the circuit court's sentence, and it must not substitute its own judgment for that of the circuit court because it would have weighed the factors differently. *Stacey*, 193 Ill. 2d at 209. "A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *Fern*, 189 Ill. 2d at 54. Accordingly, a reviewing court may not reduce defendant's sentence unless the sentence constitutes an abuse of discretion. *People v. Spencer*, 229 Ill. App. 3d 1098, 1102 (1992). With respect to factors in

4

mitigation, we presume the circuit court properly considered all relevant mitigating factors presented, absent some indication to the contrary. See *People v. Jones-Beard*, 2019 IL App (1st) 162005, ¶ 21; *People v. Madura*, 257 Ill. App. 3d 735, 740 (1994). A circuit court need not recite and assign a value to every mitigating factor upon which it relies. *Madura*, 257 Ill. App. 3d at 740.

¶ 15 Here, defendant's argument amounts to an invitation to reweigh the sentencing factors, which we will not do. See *People v. Coleman*, 166 Ill. 2d 247, 261-62 (1995); *People v. Hageman*, 2020 IL App (3d) 170637, ¶ 20. The record shows the court considered all of the evidence before it, including the mitigating and aggravating factors. It explicitly addressed two of the mitigating factors in announcing its decision and stated in both its pronouncement of the sentence and ruling on the motion to reconsider that it had considered each factor in mitigation, whether explicitly stated in its ruling or not. The mitigating factors described by defendant were brought to the circuit court's attention at the resentencing hearing, and we can find no evidence in the record to indicate that the court ignored or failed to consider them.

¶ 16 Moreover, though the court only discussed one aggravating factor, it considered all the evidence before it. While defendant disagrees, "DUI is not only deterrable, it is one of the most deterrable offenses because of the drinking required—and the time this drinking requires—before the drinker becomes drunk." *People v. Martin*, 289 Ill. App. 3d 367, 376-77 (1997); see also *Winningham*, 391 Ill. App. 3d at 486 ("A person who makes the conscious and intentional decision to drive drunk presents an imminent danger to the public."). Though defendant may believe the mitigating evidence merited a lesser sentence, the court was not required to agree. We emphasize that a defendant's potential for rehabilitation is not entitled to greater weight than the seriousness of the offense. *Coleman*, 166 Ill. 2d at 261. " 'The seriousness of the offense or the need to protect the public may outweigh mitigating factors and the goal of rehabilitation. [Citation.] Even where

there is evidence in mitigation, the court is not obligated to impose the minimum sentence. [Citation.]' " *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 34 (quoting *People v. Sims*, 403 Ill. App. 3d 9, 24 (2010)).

¶ 17    The sentence imposed in this case was within the statutory range and, indeed, was less than the original sentence imposed. After a thorough review of the record, we do not find any evidence that the circuit court failed to consider the applicable mitigating factors or considered improper aggravating factors. Neither do we find that defendant's sentence is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. See *Fern*, 189 Ill. 2d at 54. We, therefore, cannot find that the circuit court abused its discretion in fashioning defendant's sentence.

¶ 18                                        III. CONCLUSION

¶ 19    The judgment of the circuit court of Kankakee County is affirmed.

¶ 20    Affirmed.