NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230099-U

NO. 4-23-0099

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 19, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| SAMUEL L. MEDLEY, | ) | No. 20CF685 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Richard H. Gambrell, |
| | | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Turner and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment, as no issue of arguable merit existed for counsel to raise on appeal.

¶ 2    In June 2022, defendant, Samuel L. Medley, pleaded guilty to aggravated domestic battery involving strangulation (720 ILCS 5/12-3.3(a-5) (West 2020)) pursuant to a partially negotiated plea agreement. Although the State dismissed other charges, there was no agreement as to sentencing. After a sentencing hearing, the trial court imposed a five-year prison sentence. Defendant filed a motion to reconsider his sentence, which the court denied. Defendant timely appealed. The court appointed appellate counsel to represent defendant.

¶ 3    Appellate counsel seeks to withdraw pursuant to the procedure in *Anders v. California*, 386 U.S. 738 (1967), contending that any argument he might make would be meritless.

Counsel indicates he notified defendant of this determination. We gave defendant an opportunity to respond to the motion. Defendant filed no response. We grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        The State charged defendant with aggravated domestic battery involving strangulation (720 ILCS 5/12-3.3(a-5) (West 2020)), aggravated battery against a pregnant person (720 ILCS 5/12-3.05(d)(2) (West 2020)), and domestic battery with three prior convictions for that same offense (720 ILCS 5/12-3.2(a)(1) (West 2020)). All charges related to a December 6, 2020, incident involving one victim.

¶ 6        On June 17, 2022, the parties told the trial court they had reached an agreement for defendant to plead guilty to aggravated domestic battery based on strangling the victim. The State agreed to dismiss the lesser two charges in this case and two unrelated misdemeanor charges from other cases. The parties had no agreement regarding sentencing.

¶ 7        The trial court told defendant he was pleading guilty to a Class 2 felony with a possible prison sentence of three to seven years and a four-year term of mandatory supervised release. Defendant said he understood the charge and possible sentence. The State set out the factual basis. Thereafter, the court accepted defendant's plea and ordered the preparation of a presentence investigation report (PSI).

¶ 8        The August 16, 2022, PSI shows defendant had a criminal history and juvenile cases going back to 2003. He had two felony drug convictions, a felony theft conviction, and three domestic battery convictions. He did not comply with prior sentences of probation. When defendant committed the offense at issue here, he was noncompliant with the terms of his probation in two other domestic battery cases. Specifically, defendant failed to report, failed to complete the

court-ordered drug evaluation, and tested positive for methamphetamines and tetrahydrocannabinol. Defendant started to report to probation consistently in February 2022.

¶ 9 The PSI indicates defendant had problems with anger and a history of substance abuse. He completed a court-ordered substance abuse treatment program in 2006. In March 2022, he obtained intake paperwork from a treatment program but did not follow through and complete the paperwork. He did not report living with any of his seven children. He started a job on August 10, 2022, after being unemployed for eight years.

¶ 10 The trial court held a sentencing hearing on September 29, 2022.

¶ 11 The victim testified for the State. She was 14 weeks pregnant when defendant beat her for nine hours while her three children were outside the room. Defendant hit her in the face, spit on her, kicked her, pulled out her hair, and strangled her with his hands. Defendant took her phone so she could not call for help and prevented her from leaving. For eight hours after the incident, she had trouble breathing and begged defendant for help. Defendant drove her to a viaduct near the hospital emergency room and dropped her off. She arrived at the hospital bleeding, bruised, swollen, in pain, and "couldn't breathe". She was admitted to the hospital and received oxygen and breathing treatment. Photos taken at the hospital showing the extensive bruising, swelling, and contusions on her face, neck, and body were admitted into evidence.

¶ 12 Defendant testified about his struggles with substance abuse, attendance at Narcotics Anonymous meetings for about a month, mental health diagnoses, history of not taking prescribed medications for his mental health treatment, and current compliance with a mental health medication. He testified he had been employed for about the last month. He lived with his mother and three of his children. Defendant said the three children had lived with him for about five months and he was responsible for their support without assistance from their mother, who

lost her housing. Defendant made a statement in allocution, saying he wanted to become a better person.

¶ 13      The State argued for the maximum seven-year sentence. The defense argued for three years. Defense counsel's only mention of defendant's role as a parent was in the context of arguing that defendant was trying to improve his life by taking care of three of his children.

¶ 14      The trial court said it considered the underlying offense, the PSI, the financial impact of incarceration, and the evidence and information presented in aggravation and mitigation. The court found four factors in aggravation: the need for deterrence, that defendant's conduct caused or threatened serious harm, defendant's history of criminal activity, and that defendant committed the instant offense while on probation and bond in prior cases. The court detailed defendant's prior convictions, noncompliance with probation, history of domestic battery convictions, extensive substance abuse history, and recent failure to follow through with substance abuse treatment. The court said it considered the presumption that defendant should be sentenced to a term of probation but found the State overcame the presumption based on defendant's "prior performance on probation, and under the facts and circumstances." The court found no factors in mitigation but acknowledged defendant's recent compliance with court services and that he had no new violations since being released on bond in this case. The court stated defendant's actions justified the maximum sentence yet sentenced him only to five years in prison.

¶ 15      Defendant filed a motion to reconsider the sentence, which he later amended. Defendant argued the sentence was excessive and that the trial court erred in finding no factors in mitigation. Specifically, defendant asserted "there was unrefuted testimony that [he] was the parent of a child or children whose well[-]being would be negatively affected by the parents' absence." See 730 ILCS 5/5-5-3.1(a)(18) (West 2022). Due to the retirement of the judge who had sentenced

defendant, a different judge heard and denied the postsentencing motion. Defendant filed a timely notice of appeal.

¶ 16                                    II. ANALYSIS

¶ 17        Appellate counsel moves for leave to withdraw. Counsel supports his motion with a memorandum of law providing a statement of facts. In the memorandum, counsel states he considered raising two issues on defendant's behalf: (1) whether the trial court erred by finding no mitigation value in the evidence that defendant was the parent of children whose well-being will be negatively affected by his absence and (2) whether the court's sentence of five years' imprisonment was excessive. Counsel explains why he concluded that neither issue has arguable merit.

¶ 18        We consider appellate counsel's motion to withdraw under the procedure set out in *Anders*. After examining the record, we agree that the two issues counsel identifies lack arguable merit, and we have identified no other issues of arguable merit. We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 19              A. Parent-Child Relationship as a Factor in Mitigation

¶ 20        The question of whether the trial court properly found no mitigating value in a statutory sentencing factor is reviewed for an abuse of discretion. *People v. Prather*, 2022 IL App (4th) 210609, ¶ 40. While we rely on the "cold" record, the court below is in a better position to consider factors such as defendant's credibility, demeanor, and mentality by observing defendant and the proceedings. *People v. Winningham*, 391 Ill. App. 3d 476, 485 (2009).

¶ 21        In his amended motion to reconsider the sentence, defendant claimed the trial court erred in not finding mitigation where three of his children would be negatively affected by his absence. Defendant cited section 5-5-3.1(a)(18) of the Unified Code of Corrections (730 ILCS

5/5-5-3.1(a)(18) (West 2022)), which provides that the following constitutes mitigating circumstances:

"The defendant is pregnant or is the parent of a child or infant whose well-being will be negatively affected by the parent's absence. Circumstances to be considered in assessing this factor in mitigation include:

(A) that the parent is breastfeeding the child;

(B) the age of the child, with strong consideration given to avoid disruption of the caregiving of an infant, pre-school or school-age child by a parent;

(C) the role of the parent in the day-to-day educational and medical needs of the child;

(D) the relationship of the parent and the child;

(E) any special medical, educational, or psychological needs of the child;

(F) the role of the parent in the financial support of the child;

(G) the likelihood that the child will be adjudged a dependent minor under Section 2-4 and declared a ward of the court under Section 2-22 of the Juvenile Court Act of 1987;

(H) the best interest of the child.

Under this Section, the defendant shall have the right to present a Family Impact Statement at sentencing, which the court shall consider in favor of withholding or minimizing a sentence of imprisonment prior to imposing any sentence and may include testimony from family and community members, written statements, video, and documentation. Unless the court finds that the parent poses a significant risk to the community that outweighs the risk of harm from the parent's

removal from the family, the court shall impose a sentence in accordance with subsection (b) that allows the parent to continue to care for the child or children."

¶ 22     Subsection (b) provides:

"(b) If the court, having due regard for the character of the offender, the nature and circumstances of the offense and the public interest finds that a sentence of imprisonment is the most appropriate disposition of the offender, or where other provisions of this Code mandate the imprisonment of the offender, the grounds listed in paragraph (a) of this subsection shall be considered as factors in mitigation of the term imposed." 730 ILCS 5/5-5-3.1(b) (West 2022).

¶ 23     The PSI and defendant's testimony contained only cursory information about defendant's relationships with his children. Defendant stated that three of his children had lived with him and his mother for five months due to their mother losing her housing. He said he was their only financial support, yet he only had his job for about a month after being unemployed for years. Defendant presented no evidence or argument regarding his day-to-day caregiving duties. He presented no evidence his mother, or the mother of the children, were unable to care for the three children. He did not present a family impact statement or corroborating evidence in favor of this factor in mitigation. As articulated in *Prather*, 2022 IL App (4th) 210609 ¶ 40, "the circuit court had no solid reason to expect that defendant's children *** would suffer any negative effects from his imprisonment. We cannot say, then, that the trial court abused its discretion by finding no mitigating value in the parent-child relationship." Accordingly, there is no arguable merit to a claim that the court erred in its evaluation of this mitigating factor.

¶ 24                         B. Excessive Sentence Issue

¶ 25        A trial court has broad discretion when imposing a sentence and will not be reversed absent an abuse of that discretion. *People v. Patterson*, 217 Ill. 2d 407, 448 (2005). Further, a sentence that falls within the statutory guidelines is presumed to be valid. *People v. Hamilton*, 361 Ill. App. 3d 836, 846 (2005).

¶ 26        When imposing a sentence, a trial court must balance the retributive and rehabilitative purposes of punishment, accounting for both the seriousness of the offense and the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11; 730 ILCS 5/1-1-2 (West 2022). "A defendant's rehabilitative potential, however, is not entitled to greater weight than the seriousness of the offense." *People v. Coleman*, 166 Ill. 2d 247, 261 (1995). The trial court has broad discretion in imposing an appropriate sentence, and where a defendant's sentence falls within the prescribed statutory range, a reviewing court will not find an abuse of that discretion unless the sentence is greatly at variance with the purpose and spirit of the law or is manifestly disproportionate to the offense. *People v. Means*, 2017 IL App (1st) 142613, ¶ 14. "The trial court's superior position to weigh factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, and age mandates that a reviewing court refrain from reweighing those factors and substituting its opinion for that of the trial court." *Means*, 2017 IL App (1st) 142613, ¶ 14.

¶ 27        Here, defendant pleaded guilty to aggravated domestic battery based on strangling the victim, a Class 2 felony. When the trial court accepted his plea, defendant verbally acknowledged he understood the offense was punishable by three to seven years in prison. His five-year sentence fell within the statutory sentencing guidelines. See 720 ILCS 5/12-3.3(b) (West 2022); 730 ILCS 5/5-4.5-35(a) (West 2022).

¶ 28    In his amended motion to reconsider his sentence, defendant argued the five-year sentence was excessive because the trial court did not find the following factors in mitigation weighed in his favor: he is the father of children whose well-being would be negatively affected by his absence, he has a history of mental illness, he began taking prescribed medications to treat his mental illness after the incident in this case, and his mental health treatment had a positive impact on managing his actions after the incident.

¶ 29    The record reflects the trial court considered the sentencing factors, along with evidence from both parties in aggravation and mitigation. The court acknowledged defendant's recent compliance with court services but noted defendant's overall failure to address his underlying issues that caused him to violate the law repeatedly. While the court found that a maximum seven-year sentence was warranted, it imposed a five-year sentence.

¶ 30    An argument for a reduced sentence would require this court to reweigh the factors in mitigation and substitute our judgment for that of the trial court. A reviewing court must not substitute its judgment for that of the trial court, even if it would have weighed the factors differently. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). Based on the record, no meritorious argument can be made that the trial court abused its discretion in imposing the sentence.

¶ 31                    III. CONCLUSION

¶ 32    For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 33    Affirmed.