# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Hill*, 2012 IL App (5th) 100536

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROSS ADAM HILL, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0536 |
| Rule 23 Order filed<br>Motion to publish granted | April 11, 2012<br><br>May 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's four-year sentence for aggravated driving under the influence that resulted in the death of a passenger in defendant's vehicle was affirmed over defendant's contentions that the provision of the statute allowing probation for such a conviction only when "extraordinary circumstances" are found is unconstitutionally vague and that the trial court abused its discretion in finding no "extraordinary circumstances" in his case, since defendant failed to rebut the presumption that the statute was constitutional and the trial court did not abuse its discretion in assessing the circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Williamson County, No. 07-CF-332; the Hon. John Speroni, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Johannah B. Weber, and Lawrence J. O'Neill, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.

Presiding Justice Donovan and Justice Spomer concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant appeals from the four-year sentence on his conviction for aggravated driving under the influence. Probation for a conviction is only allowable when extraordinary circumstances are found. 625 ILCS 5/11-501(d)(2)(G) (West 2008). On appeal, defendant contends that the term "extraordinary circumstances" is unconstitutionally vague. Defendant alternatively argues that the trial court's application of the statute was improper, because the evidence he presented at his sentencing hearing warranted probation.

¶ 2                                    FACTS

¶ 3     On July 16, 2007, defendant and two of his friends, Broady Harding and Greg Wyatt, were drinking beer at Greg Wyatt's home. Between 11 p.m. and midnight, after he finished his work shift, Justin Dodd went to Wyatt's home. According to defendant, Justin Dodd advised the men that he had argued with his father, and he wanted to start drinking. However, Justin did not want to stay at Greg's home. He allegedly suggested that the men go for a ride, buy beer, and drink while driving around. Both Broady Harding and Greg Wyatt confirmed in testimony at the sentencing hearing that Justin Dodd wanted to drink alcohol and that he offered to pay for gas and to buy the beer. The record on appeal is unclear about how many people were with defendant in the vehicle that night. Defendant, Justin Dodd, and Greg Wyatt were in the vehicle. Whether Broady Harding and an individual simply identified as Carly were present in the vehicle is not clear from the record. Defendant was driving the vehicle. That night, while drinking and driving, defendant lost control of the vehicle and the vehicle rolled over. Defendant claims that he swerved to avoid a deer and went off the road. At the hospital that night, defendant was told that the accident resulted in the loss of Justin Dodd's life.

¶ 4     On August 10, 2007, the State filed its information charging defendant with the offense of aggravated driving under the influence of alcohol in violation of section 11-501(d)(1)(F) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(1)(F) (West 2006)).

¶ 5        Defendant entered into an open guilty plea on September 22, 2008.

¶ 6        The presentence investigation revealed no past criminal history, but a fairly large number of traffic violations.

¶ 7        At sentencing on January 23, 2009, defendant advanced his argument in mitigation that the victim, Justin Dodd, induced or facilitated defendant's conduct–in that Justin Dodd asked to drive around while drinking and went so far as to pay for the gasoline and the beer in order to accomplish that goal. At the conclusion of the sentencing hearing, the court took the matter under advisement. On January 30, 2009, the trial court sentenced defendant to four years after concluding that no extraordinary circumstances existed that would require or support a sentence of probation. Defendant's motion to reconsider this sentence was denied by the trial court on April 1, 2009.

¶ 8        On appeal to this court, we vacated the denial of defendant's motion to reconsider his sentence because the court did not comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). *People v. Hill*, No. 5-09-0189 (2010) (unpublished summary order under Illinois Supreme Court Rule 23(c)(2) (eff. May 30, 2008)).

¶ 9        On remand to the trial court, defendant filed a new motion to reconsider sentence on September 13, 2010. The motion was argued on October 26, 2010, and the court took the motion under advisement. On October 29, 2010, the trial court denied the motion.

¶ 10        Defendant appeals.


¶ 11                              LAW AND ANALYSIS
¶ 12                         Statute Is Unconstitutionally Vague
¶ 13        Defendant argues that the term "extraordinary circumstances" is impermissibly and unconstitutionally vague.

¶ 14        Statutory language is presumptively constitutional. *People v. Waid*, 221 Ill. 2d 464, 480, 851 N.E.2d 1210, 1219 (2006). The burden to rebut this presumption of constitutionality lies with the party challenging the validity of the statute. *People v. Greco*, 204 Ill. 2d 400, 406, 790 N.E.2d 846, 851 (2003). We review the constitutionality of a statute on a *de novo* basis. *People v. Fisher*, 184 Ill. 2d 441, 448, 705 N.E.2d 67, 71-72 (1998).

¶ 15        Due process mandates that criminal statutes have clear definitions. *People v. Maness*, 191 Ill. 2d 478, 483, 732 N.E.2d 545, 549 (2000). Ambiguity in a criminal statute must be resolved in a manner favoring the accused. *People v. Jones*, 223 Ill. 2d 569, 581, 861 N.E.2d 967, 975 (2006). If a sentencing provision fails to sufficiently clarify the consequences of violating a criminal statute, the sentencing provision can be found to be void for vagueness. See *People v. Taher*, 329 Ill. App. 3d 1007, 1015-16, 769 N.E.2d 1021, 1027-28 (2002). In order to pass a test for vagueness, it is important for guidelines to be set that govern the statute's enforcement. *Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

¶ 16        The precise language of section 11-501 of the Illinois Vehicle Code states:

"(d) Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof.

* * *

(2) ***

* * *

(G) A violation *** of this subsection (d) is a Class 2 felony, for which the defendant, unless the court determines that extraordinary circumstances exist and require probation, shall be sentenced to: (i) a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the death of one person[.]" 625 ILCS 5/11-501(d)(2)(G) (West 2008).

¶ 17    Defendant contends that the term "extraordinary circumstances" is unconstitutionally vague, but the Illinois Appellate Court in *People v. Winningham*, 391 Ill. App. 3d 476, 909 N.E.2d 363 (2009), has ruled on the constitutionality of the term and held that the term is not vague. We turn to this case.

¶ 18    The factual background and application of the sentencing statute in *People v. Winningham* are strikingly similar to this case. Derek Winningham was involved in a motor vehicle accident that resulted in the death of one person. *Id.* at 477, 909 N.E.2d at 365. As a result of the accident, Winningham was charged with aggravated driving under the influence. *Id.* In an open plea, Winningham pled guilty. *Id.* at 478, 909 N.E.2d at 365. At sentencing, the court learned that Winningham had no criminal history, was employed as a firefighter and had saved numerous lives while working in that capacity, had completed alcohol counseling, and had expressed extreme remorse and regret that his actions led to the death of the victim. *Id.*, 909 N.E.2d at 366. Evidence was also introduced that Winningham was assisting the victim's family in the dramshop civil action against the tavern where he had been drinking. *Id.* Additionally, his attorney introduced between 80 and 90 letters at sentencing from family, friends, and fellow firefighters describing Winningham's positive impact on their lives. *Id.* at 479, 909 N.E.2d at 366. Winningham asked the court to find that his assistance with the dramshop suit amounted to extraordinary circumstances warranting a sentence of probation. *Id.* The trial court found that while Winningham had been assisting the victim's family, this assistance did not rise to an extraordinary level. *Id.* Winningham was sentenced to a three-year term of imprisonment. *Id.*

¶ 19    Winningham did not argue that the statute impacted his first amendment rights. Accordingly, the court explained that when a statute does not impact first amendment freedoms, the statute will not be held to be unconstitutionally vague on its face unless the statute is incapable of any valid application–"unless under no set of circumstances would the statute be valid." *Id.* at 481, 909 N.E.2d at 368 (citing *People v. Izzo*, 195 Ill. 2d 109, 112, 745 N.E.2d 548, 551 (2001)).

¶ 20    The court explained that by arguing that the term "extraordinary circumstances" is undefined and subject to arbitrary application, Winningham was unavoidably conceding that the statute could be validly applied in some situations–even if on occasion the statute's application was arbitrary. *Id.* An uncertain application of the sentencing statute was not the definitive test for vagueness. *Id.* Therefore, the court rejected Winningham's argument that the use of the "extraordinary circumstances" term rendered the sentencing statute unconstitutionally vague on its face.

¶ 21    Winningham next argued that the sentencing statute was unconstitutionally vague

-4-

because it is subject to arbitrary and discriminatory application. *Id.* The appellate court stated as follows:

> "A statute satisfies due process if '(1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited; and (2) the statute marks boundaries sufficiently distinct for judges and juries to administer the law fairly in accordance with the intent of the legislature.' " *Id.* at 482, 909 N.E.2d at 368 (quoting *People v. Ramos*, 316 Ill. App. 3d 18, 26, 735 N.E.2d 1094, 1100-01 (2000)).

Contrary to Winningham's argument that the term was vague because the legislature neglected to define the term, the court explained that the Illinois Vehicle Code provided clear, definite standards for a trial court to fairly administer the law. *Id.* at 483, 909 N.E.2d at 369. The legislature recognized the fact that there would be certain factual scenarios where the sentence range of 3 to 14 years would not be appropriate–that in those circumstances, probation would be more appropriate. *Id.*

> "Thus, as a matter of legislative grace and lenity, the General Assembly determined that it would not entirely eliminate the trial court's discretion to impose a sentence of probation. However, the General Assembly also determined that a court may do so only under extraordinary circumstances, which is entirely consistent with the great danger that drunk drivers impose upon our society, as shown by the tragic circumstances of this very case. Thus, the challenged provision's clear purpose was to substantially limit the discretion that a trial court possesses to impose a sentence of probation when a defendant's DUI offense proximately caused the death of another person." *Id.* (citing *People v. Maldonado*, 386 Ill. App. 3d 964, 973, 897 N.E.2d 854, 863 (2008)).

The fact that the legislature empowered sentencing courts with discretion in determining what circumstances could be considered extraordinary did not render the statute unconstitutionally vague. *Id.*

¶ 22 As pointed out by the appellate court in *People v. Winningham*, similar phrases in sentencing statutes have been upheld by our supreme court. See *People v. Davis*, 205 Ill. 2d 349, 379, 793 N.E.2d 552, 570 (2002) (consideration of " 'any other reason' " in aggravation does not render the death-penalty statute unconstitutionally vague); *People v. Williams*, 192 Ill. 2d 548, 590, 736 N.E.2d 1001, 1024 (2000) (consideration of aggravating factor of " 'cold, calculated[,] and premeditated manner' " does not render the death-penalty statute unconstitutionally vague); *People v. Rissley*, 165 Ill. 2d 364, 407, 651 N.E.2d 133, 153 (1995) (jury's consideration of nonstatutory aggravating factors does not result in an arbitrary imposition of the death penalty); *People v. Lucas*, 132 Ill. 2d 399, 444, 548 N.E.2d 1003, 1022 (1989) (consideration of aggravating factor of " 'exceptionally brutal or heinous behavior' " does not render the death-penalty statute unconstitutionally vague); *People v. McCreadie*, 223 Ill. App. 3d 316, 319-20, 584 N.E.2d 839, 841 (1991) (the phrase " 'exceptionally brutal or heinous behavior indicative of wanton cruelty' " does not render the natural-life-sentencing provision unconstitutionally vague).

¶ 23 The arguments advanced by defendant in this case virtually mirror those of defendant Winningham. We agree with the analysis and holding of the Fourth District Appellate Court.

Defendant's citation to various dictionary definitions and equating those definition differences with vagueness misses the mark. While the term is not specifically defined, the intent of the legislature was to grant deference to the trial court. We hold that defendant has failed to overcome his burden to rebut the presumption that the sentencing statute challenged is constitutionally sound.

¶ 24                    Trial Court Abused Its Discretion in Sentencing

¶ 25    Defendant next argues that the trial court abused its discretion in not construing the facts of this case as presenting extraordinary circumstances warranting probation rather than a term of imprisonment.

¶ 26    The trial court has very broad discretion when imposing sentence. *People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000). That discretion is not without limits. *Id.* The punishment ordered by the trial court must be just and equitable. *People v. Blumstengel*, 61 Ill. App. 3d 1016, 1021, 378 N.E.2d 401, 404 (1978). However, if the sentence imposed is within the statutory limits, there is a rebuttable presumption that the sentence is appropriate, and that presumption can only be overturned if the sentence imposed varies greatly from the purpose and spirit of the law. *People v. Chambers*, 258 Ill. App. 3d 73, 92, 629 N.E.2d 606, 620 (1994). On appeal, the court will not interfere with the sentence imposed, unless the record reflects that the sentence is excessive and not justified under any reasonable review. *People v. Smith*, 214 Ill. App. 3d 327, 338, 574 N.E.2d 784, 791-92 (1991).

¶ 27    In this case, the trial court found no extraordinary circumstances warranting probation. The trial court found that defendant's lack of a criminal history was a mitigating factor. The trial court found no merit to defendant's proposed factor in mitigation–that he was induced to drink alcohol and drive while intoxicated by the victim's suggestion. The trial court noted that a sentence of imprisonment was necessary for deterrence purposes.

¶ 28    The extraordinary circumstances required for probation are matters for the trial court's discretion. *Winningham*, 391 Ill. App. 3d at 483, 909 N.E.2d at 369. Upon careful review of this record, we concur with the trial court's assessment that extraordinary circumstances were lacking. Defendant's attempt to blame the victim for his own choices on that night is without merit and is not worthy as a mitigating factor. Defendant's behavioral choices that evening in July 2007 led to Justin Dodd's death. Justin Dodd did not mandate the actions taken by defendant. With probation not being appropriate, the minimum sentence is three years. We conclude that the trial court's sentence of four years does not amount to an abuse of discretion and is in keeping with the purpose and spirit of the law.

¶ 29                                     CONCLUSION

¶ 30    For the foregoing reasons, the judgment of the circuit court of Williamson County is hereby affirmed.

¶ 31    Affirmed.