2025 IL App (1st) 230648-U

No. 1-23-0648

Order filed December 11, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 213001700 |
| | ) | |
| MARK C. SCHOPOFF, | ) | Honorable |
| | ) | Steven M. Wagner, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm defendant's convictions for endangering the life or health of a child where there was sufficient evidence to convict him of the offenses, the trial court had subject matter jurisdiction, the court did not abuse its discretion in its evidentiary rulings and his attorney did not provide ineffective assistance of counsel.

¶ 2    Following a bench trial, defendant Mark C. Schopoff was found guilty of two counts of misdemeanor endangering the life or health of a child. The trial court subsequently sentenced him to one year of conditional discharge. On appeal, Schopoff contends that: (1) his convictions are

void because the trial court lacked subject matter jurisdiction; (2) there was insufficient evidence to prove he committed the offenses where the State failed to prove he placed his children into danger of probable harm and failed to prove he knowingly did so; (3) the trial court erred by precluding him from eliciting evidence on cross-examination of a police officer that he was not impaired by alcohol; and (4) his attorney provided ineffective assistance of counsel by failing to object to evidence showing that he consumed a negligible amount of alcohol. For the reasons that follow, we affirm Schopoff's convictions.

¶ 3                                    I. BACKGROUND

¶ 4       The State filed a two-count misdemeanor complaint against Schopoff for endangering the life or health of a child. The State alleged that he caused or permitted his two children, A.S. and T.S., to be placed in circumstances that endangered their life or health by pouring beer into a tumbler, which was immediately accessible to him while he was operating a vehicle in which his children were passengers (720 ILCS 5/12C-5(a)(2) (West 2020)). The case proceeded to a bench trial, where the State presented the testimony of A.S. and Officer Wagner of the Palatine Police Department.

¶ 5       At trial, the State's evidence showed that, on August 13, 2021, Schopoff picked up his 10-year-old daughter, A.S., and his 14-year-old son, T.S., from their mother's house in his black pickup truck. After leaving their mother's house, Schopoff drove his children to a liquor store in Carol Stream, where he purchased two 12-packs of beer. In an interview with Officer Wagner, Schopoff claimed that, from the liquor store, he drove to his residence in Roselle, where he left two of the bottles of beer, and eventually began driving to a Verizon store in Palatine. According to A.S., she was sitting in the front passenger seat, and T.S. was sitting in the rear. On the way to Verizon, A.S. observed Schopoff grab a beer bottle from one of the 12-packs, pour the liquid from

the bottle into a black tumbler and drink from it. After witnessing this, A.S. took photographs of the black tumbler and one of the 12-packs of beer using her phone, and sent the photographs, which were admitted into evidence at trial, to her mother. After arriving at the Verizon store, A.S. went inside along with Schopoff.

¶ 6 While Schopoff and A.S. were inside the Verizon store, Officer Wagner, who had been dispatched to the scene for a well-being check, arrived and observed T.S. standing outside the pickup truck. Shortly after, Schopoff and A.S. exited the Verizon store. Officer Wagner asked if he could search Schopoff's vehicle, and Schopoff gave permission. Before Officer Wagner could search the vehicle, Schopoff grabbed the tumbler, which was located in a cup holder in the center console, and placed it on the floorboard of the front passenger seat. Officer Wagner observed Schopoff to be shaking and acting quite nervous, and asked if he had any alcohol in his vehicle. Schopoff responded affirmatively.

¶ 7 Officer Wagner proceeded to search Schopoff's pickup truck and found an empty 12-ounce bottle of beer from underneath the floor mat of the driver's seat, the tumbler with liquid inside and two 12-packs of beer in the back of the vehicle, which were missing three bottles. Based on Officer Wagner's personal and professional experience, he concluded the liquid inside the tumbler was beer, though he acknowledged never testing the liquid's chemical properties. When Officer Wagner asked Schopoff where the other two bottles of beer were located, Schopoff responded that they were at his residence. Officer Wagner subsequently placed Schopoff under arrest. About an hour later, at the Palatine Police Department, Schopoff told Officer Wagner that he had poured a beer into the tumbler, but only after he arrived at the Verizon store.

¶ 8 At trial, Officer Wagner acknowledged never observing Schopoff driving the pickup truck. Additionally, during the defense's cross-examination of Officer Wagner, Schopoff's attorney

attempted to elicit testimony from Officer Wagner that he did not observe Schopoff to be impaired. The State, however, objected multiple times on relevancy grounds, and the court sustained those objections. After the State concluded its case, the defense rested without presenting any evidence.

¶ 9    Following closing arguments, the trial court found Schopoff guilty of two counts of misdemeanor endangering the life or health of a child. The court observed that, based on the evidence, Schopoff had driven the vehicle with his children inside. According to the court, the critical question was whether Schopoff's conduct had the potential to harm his children, and the court found his conduct had such potential and that Schopoff acted with full knowledge of this potential. Thereafter, Schopoff filed a motion for new trial, which he later supplemented, arguing that the State failed to prove his guilt beyond a reasonable doubt, the State's allegations in the misdemeanor complaint did not constitute an offense, and the court erred by preventing him from questioning Officer Wagner about whether he was impaired. Schopoff also filed a motion in arrest of judgment, claiming that the State's allegations did not constitute an offense. Ultimately, the trial court denied Schopoff's posttrial motions and sentenced him to one year of conditional discharge.

¶ 10    This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12                        A. Subject Matter Jurisdiction

¶ 13    Schopoff first contends that the trial court lacked subject matter jurisdiction because the State's complaint did not plead allegations that met the elements of the offense of endangering the life or health of a child. Although Schopoff raises his jurisdiction argument for the first time on appeal, because a lack of jurisdiction would render his criminal convictions void, such a challenge may be made at any time. See *People v. Davis*, 156 Ill. 2d 149, 155 (1993) ("Where jurisdiction is

lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time.").

¶ 14    "[J]urisdiction is not conferred by information or indictment, but rather by constitutional provisions." *People v. Benitez*, 169 Ill. 2d 245, 256 (1996). "Accordingly, a charging instrument which fails to charge an offense does not deprive the circuit court of jurisdiction." *Id.* Stated otherwise, "the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine." (Emphasis in original.) *In re Luis R.¸* 239 Ill. 2d 295, 301 (2010). "If it does, then subject matter jurisdiction is present." *Id.* The State charged Schopoff with the offense of endangering the life or health of a child, which is a justiciable matter as an offense under section 12C-5(a)(2) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/12C-5(a)(2) (West 2020)). Therefore, the trial court had subject matter jurisdiction regardless of whether the allegations of the complaint failed to constitute an offense.

¶ 15                              B. Sufficiency of the Evidence

¶ 16                              1. The Element of Endanger

¶ 17    Schopoff next contends that the State failed to prove beyond a reasonable doubt that his conduct placed his children in peril of probable harm. In making this contention, Schopoff asserts that he is not contesting any of the evidence presented by the State at trial or the credibility of any of the witnesses, but rather, he is arguing that the uncontested facts failed to prove he committed the offense of endangering the life or health of a child, specifically where the facts failed to show his children were endangered.

¶ 18    Because Schopoff is not disputing any of the evidence presented by the State at trial or the credibility of any of the witnesses, but instead whether the uncontested facts were sufficient to

prove the elements of the offense, our review is *de novo*. *In re Ryan B.*, 212 Ill. 2d 226, 231 (2004). "A person commits endangering the life or health of a child when he or she knowingly *** causes or permits a child to be placed in circumstances that endanger the child's life or health." 720 ILCS 5/12C-5(a)(2) (West 2020). The Criminal Code does not define the term "endanger." *People v. Collins*, 214 Ill. 2d 206, 214 (2005). Because of this, our supreme court has defined the term "endanger" by using its plain meaning, which is " 'to bring into danger or peril of probable harm or loss' or 'to create a dangerous situation.' " *Id.* at 214-15 (quoting Webster's Third New International Dictionary 748 (1996)). Under the plain meaning of the term, "endanger" denotes "a potential or possibility of injury." *Id.* at 215. "The term does not refer to conduct that will result or actually results in harm, but rather to conduct that could or might result in harm." *Id.* The probability of harm need not be "great" (*People v. Davidson*, 2023 IL App (2d) 220140, ¶ 72), and the harm need not be solely physical. See *People v. Wilkenson*, 262 Ill. App. 3d 869, 874 (1994). Instead, the harm can be mental (see *id.*) or emotional. See *People v. Penning*, 2021 IL App (3d) 190366, ¶ 27. Whether the facts are sufficient to prove the element of endangerment is based upon the totality of the circumstances. *People v. Jordan*, 218 Ill. 2d 255, 270 (2006).

¶ 19    In the instant case, Schopoff's conduct caused his children to be placed in circumstances that had the potential to result in harm to them. The evidence at trial revealed that Schopoff had driven to a liquor store with his children and bought two 12-packs of beer. Later, his daughter observed him pour one of the bottles of beer into a tumbler and drink from it while driving. What is more, when Officer Wagner searched Schopoff's vehicle, Officer Wagner observed that, in addition to the empty beer bottle underneath the floor mat of the driver's seat, presumably the one he poured into his tumbler, there were two additional bottles of beer missing from the two 12-packs. Notwithstanding the inference that can reasonably be made from this fact, the direct

evidence shows that Schopoff had an open container of alcohol immediately accessible to him while driving with his two children and drank from it.

¶ 20 Schopoff's conduct created a dangerous situation for his children and resulted in them facing potential harm to their well-being, not only physically by the potential for an accident, but also emotionally and mentally. The potential harm emotionally and mentally was exemplified by A.S., Schopoff's 10-year-old daughter, being apparently so distraught and concerned about her father's conduct that she took photographs and sent them to her mother. See *Penning*, 2021 IL App (3d) 190366, ¶ 27 (concluding that "[i]llegal drug use by a parent or caregiver supports the conclusion that a child's physical and emotional well-being is endangered.") It is no stretch to conclude that adolescents could suffer mental and emotional trauma from observing their father drink from an open container of alcohol while driving, whether that be a feeling of being unsafe with a parent or having the effect of such behavior becoming normalized, among other deleterious effects. Under the totality of the circumstances of this case, the State proved beyond a reasonable doubt that Schopoff's conduct placed his children in circumstances that endangered their life or health.

¶ 21 Nevertheless, Schopoff notes that, although he was drinking and driving, Illinois law only prohibits drinking and driving drunk. See *People v. Winningham*, 391 Ill. App. 3d 476, 486 (2009) ("Illinois law does not prohibit drinking and driving; it prohibits drinking and driving *drunk*. There is a big difference between these two ***.") (Emphasis in original.) But it is undisputed that Schopoff had an open container of alcohol in his vehicle, which is against the law. See 625 ILCS 5/11-502 (West 2020). Schopoff also argues that the State failed to prove he was impaired, but the State did not need to prove impairment to establish the elements of endangering the life or health of a child. See 720 ILCS 5/12C-5(a)(2) (West 2020).

¶ 22                                  2. The Element of Knowledge

¶ 23     Schopoff next contends that the State failed to prove beyond a reasonable doubt that he knew he was putting his children in danger when he consumed a negligible amount of alcohol while driving.

¶ 24     As noted, to sustain a conviction for endangering the life or health of a child, a defendant must "knowingly *** cause[] or permit[] a child to be placed in circumstances that endanger the child's life or health." *Id.* "A person is said to act knowingly when he is consciously aware that his conduct is practically certain to cause the offense defined in the statute." *People v. Melton*, 282 Ill. App. 3d 408, 417 (1996); see also 720 ILCS 5/4-5 (defining "knowledge" under the Criminal Code). "The defendant need not admit knowledge for the trier of fact to conclude that he acted knowingly." *Penning*, 2021 IL App (3d) 190366, ¶ 19. Generally, the State proves knowledge through circumstantial evidence based on inferences from the surrounding circumstances rather than direct evidence. *People v. Monteleone*, 2018 IL App (2d) 170150, ¶ 26. But "[t]he State must present sufficient evidence from which an inference of knowledge can be made." *Penning*, 2021 IL App (3d) 190366, ¶ 19.

¶ 25     Because knowledge is a question of fact for the trier of fact to resolve (*Monteleone*, 2018 IL App (2d) 170150, ¶ 26), we apply the traditional standard of review with respect to sufficiency of the evidence claims. *People v. Hilson*, 2023 IL App (5th) 220047, ¶¶ 50, 56. Under the traditional standard of review, when a defendant challenges the sufficiency of the evidence against him, we must determine whether, when the evidence is viewed in the light most favorable to the State, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *People v. Jackson*, 2020 IL 124112, ¶ 64. All reasonable inferences from the evidence must be made in favor of the State. *People v. Cline*, 2022 IL 126383, ¶ 25. The reviewing

court does not retry the defendant, and thus, we do not substitute our judgment for that of the trier of fact on issues affecting the weight of the evidence. *Jackson*, 2020 IL 124112, ¶ 64. We will not reverse a defendant's convictions "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of [his] guilt." *Id.*

¶ 26 In the instant case, as previously discussed, Schopoff drove to a liquor store with his two children and bought two 12-packs of beer. A.S. observed him pour one of those bottles into a black tumbler, from which we can reasonably infer that Schopoff was intending to conceal his alcohol consumption from his children and outside view because he knew such conduct was illegal. Before Officer Wagner searched Schopoff's pickup truck, Schopoff tried to hide his tumbler filled with beer, evasive behavior demonstrating knowledge of wrongdoing. See *Monteleone*, 2018 IL App (2d) 170150, ¶ 34. Moreover, during their interaction, Officer Wagner observed Schopoff to be shaking and acting quite nervous, additional evidence of knowledge of wrongdoing. See *People v. Ortiz*, 196 Ill. 2d 236, 266 (2001). Certainly, this evidence could demonstrate knowledge of wrongdoing related to driving with an open container of alcohol, but, when viewed in the light most favorable to the State, it equally could be evidence of knowledge of wrongdoing related to Schopoff endangering the life or health of his children.

¶ 27 Additionally, when Officer Wagner searched the pickup truck, he observed that 3 of the 24 bottles of beer were missing, which included the empty bottle underneath the floor mat of the driver's seat. Viewing this evidence in the light most favorable to the State, we can also reasonably infer that, at some point between buying the two 12-packs of beer and arriving at the Verizon store, Schopoff drank two bottles of beer in addition to pouring the third bottle into his tumbler. Although Schopoff explained to Officer Wagner that the two missing bottles were at his residence in Roselle, such an explanation defies credulity. See *People v. Kaye*, 264 Ill. App. 3d 369, 383 (1994) ("The

trier of fact need not accept the defendant's explanation, but may consider its probability or impossibility in light of the surrounding circumstances."). Given that Schopoff drove with an open container of alcohol and drank from it, his various actions demonstrating knowledge of wrongdoing, and the reasonable inference that he had already consumed two bottles of beer before pouring a third, a rational trier of fact could have found that Schopoff knew his conduct caused or permitted his children to be placed in circumstances that endangered their life or health.

¶ 28    In sum, where the State proved beyond a reasonable doubt that Schopoff's conduct placed his children in circumstances that endangered their life or health, and he did so knowingly, the State presented sufficient evidence to convict him of two misdemeanor convictions for endangering the life or health of a child.

¶ 29                                      C. Complete Defense

¶ 30    Schopoff next contends that the trial court violated his constitutional right to present a complete defense where it prevented him from eliciting testimony from Officer Wagner that he was not impaired while driving with his children. According to Schopoff, evidence of his lack of impairment was central to his theory of the case and directly countered any assertion by the State that he was endangering the life or health of his children.

¶ 31    During the defense's cross-examination of Officer Wagner, Schopoff's attorney attempted to question Officer Wagner about whether he thought Schopoff was impaired. Each time his attorney broached the topic, the State objected on relevancy grounds. In response, Schopoff's attorney posited that Officer Wagner would testify that Schopoff was not impaired. According to Schopoff's attorney, the State could not credibly allege "that the mere fact of having open alcohol in a car where there is a child rises to the level of crime of child endangerment." The State, however, asserted that its allegations supported the charges of child endangerment because

drinking while driving endangered his children, and impairment was simply not relevant to the charges. Although the trial court did not give a detailed explanation when sustaining the State's objections, it intimated that the issue of impairment was not relevant.

¶ 32    While Schopoff concedes that a trial court's evidentiary rulings are generally reviewed for an abuse of discretion (see *People v. Way*, 2017 IL 120023, ¶ 18), he asserts that the issue in his case is whether the court deprived him of his constitutional right to present a complete defense. In turn, relying on *People v. Hale*, 2013 IL 113140, ¶ 15, Schopoff argues that our review is *de novo*. See *id.* ("In general, the standard of review for determining if an individual's constitutional rights have been violated is *de novo*."). However, *Hale* involved a question about whether a defendant's plea counsel was constitutionally ineffective (*id.* ¶ 1), an issue of true constitutional dimension. See *People v. Brown*, 2017 IL 121681, ¶ 25 ("The sixth amendment guarantees a criminal defendant the right to effective assistance of trial counsel at all critical stages of the criminal proceedings, including the entry of a guilty plea."). In the instant case, although Schopoff frames the issue on appeal as one of a constitutional dimension, it is, at its core, a claim about allegedly improper evidentiary rulings. As such, the abuse-of-discretion standard applies. See *People v. Burgess*, 2015 IL App (1st) 130657, ¶ 133; *People v. McCullough*, 2015 IL App (2d) 121364, ¶ 104. The court abuses its discretion when its decision is unreasonable or arbitrary, or where no reasonable person would agree. *People v. Yankaway*, 2025 IL 130207, ¶ 59.

¶ 33    Being that this issue is whether the trial court properly excluded evidence on relevancy grounds, we turn to the Illinois Rules of Evidence. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ill R. Evid. 401 (eff. Jan. 1, 2011). In the instant case, the trial court reasonably found that any evidence of Schopoff's

impairment was not relevant. As the State notes, it charged Schopoff with endangering the life or health of a child by pouring beer into a tumbler, which was immediately accessible to him while he was operating a vehicle in which his children were passengers. Whether Schopoff was impaired by alcohol had no bearing on the State's allegations, and therefore, evidence of his impairment did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* As such, evidence of Schopoff's impairment was not relevant to the case. Consequently, the court properly exercised its discretion to bar that line of questioning on relevancy grounds.

¶ 34                      D. Ineffective Assistance of Counsel

¶ 35    Lastly, Schopoff contends that his attorney was constitutionally ineffective for failing to object to the admission of evidence that he drank a negligible amount of alcohol while driving with his children. According to Schopoff, because the State only charged him with endangering the life or health of a child due to having an open container of alcohol immediately accessible to him while he was driving, any evidence that he had been drinking from the tumbler was irrelevant and highly prejudicial. As a result, Schopoff argues that his attorney should have objected to such testimony.

¶ 36    The United States and Illinois Constitutions guarantee a defendant the right to the effective assistance of counsel. *People v. Gayden*, 2020 IL 123505, ¶ 27 (citing U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8). When evaluating claims of ineffective assistance of counsel, the defendant must satisfy the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). See *Gayden*, 2020 IL 123505, ¶ 27. Under the test, the defendant must establish that his counsel's performance was deficient and the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. More specifically, the "defendant must establish both that counsel's performance

fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gayden*, 2020 IL 123505, ¶ 27. The defendant must prove both prongs of the *Strickland* test to succeed. *Id.* We review whether the defendant received ineffective assistance of counsel *de novo*. *People v. Johnson*, 2021 IL 126291, ¶ 52. Because generally, it is easier to dispose of an ineffective assistance of counsel claim on prejudice grounds, we should do so when the circumstances allow. *People v. Albanese*, 104 Ill. 2d 504, 527 (1984) (citing *Strickland*, 466 U.S. at 697).

¶ 37    In the instant case, Schopoff failed to prove prejudice from his attorney's allegedly deficient performance in failing to object to the testimony that he drank from the tumbler. As we have discussed multiple times, the State's allegations supporting the charges of endangering the life or health of a child were due to Schopoff having an open container of alcohol immediately accessible to him while he was driving with his children. Although the misdemeanor complaint initially alleged that Schopoff drank from the tumbler and charged him under section 12C-5(a)(1) the Criminal Code (720 ILCS 5/12C-5(a)(1) (West 2020)), the State amended the complaint before trial to remove the allegations that Schopoff consumed alcohol and to charge him under section 12C-5(a)(2) the Criminal Code (*id.* § 5/12C-5(a)(2)). Indeed, when finding Schopoff guilty of both counts of endangering the life or health of a child, the trial court never relied on the fact that Schopoff drank from the tumbler. Instead, the court, consistent with the allegations of the complaint, relied on the fact that Schopoff had an open container of alcohol. Given this, had Schopoff's attorney objected to A.S.'s testimony about him drinking from the tumbler and did so successfully, the critical evidence supporting his guilt for both convictions would still have remained in evidence. As such, even if Schopoff's attorney had made a successful objection, there

is not a reasonable probability that he would have been found not guilty of endangering the life or health of a child. Consequently, Schopoff's ineffective assistance of counsel claims fails.

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 40    Affirmed.